|    |    |
|----|----|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| RICHARD S. BURGESS<br><br>           Plaintiff,<br><br>   v.<br><br>VANCOUVER POLICE<br>DEPARTMENT et al.,<br><br>           Defendants. | CASE NO. 3:15-CV-05844-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Richard S Burgess, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint (Dkt. 8) under 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Amend Complaint. Dkt. 9. Having reviewed and screened Plaintiff's Complaint (Dkt. 8) under 28 U.S.C. § 1915A and having reviewed the Motion to Amend Complaint (Dkt. 9), the Court declines to serve Plaintiff's Complaint (Dkt. 8) but grants Plaintiff leave to file an amended complaint by January 19, 2016, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is currently incarcerated at Clark County Jail, alleges facts related to two separate arrests, one in 2010 and the other in 2015. *See* Dkt. 8.

With regard to the 2010 claim, Plaintiff alleges on September 26, 2010, he was arrested by Defendant Ford and held for two hours at the scene of the arrest. *Id.* at 4. Plaintiff asserts he had chest pains but he was refused medical assistance and was taken to the Clark County Jail where Defendant Wells had a nurse check Plaintiff's blood pressure, which was "240-170 very high." *Id.* Plaintiff states Defendant Wells then told the Vancouver Police Department and Defendant Ford to remove Plaintiff from the Clark County Jail and call an ambulance, but instead, Defendant Ford walked Plaintiff to the outside of the Clark County Jail, uncuffed him, and told Plaintiff to call his own ambulance using a payphone several blocks down the street. *Id.* Plaintiff alleges he walked across the street to the Affordable Bail Bonds Company where he fell, called an ambulance and was then taken by ambulance to the Seventh Day Adventist Hospital in Portland, Oregon. *Id.*

With regard to the 2015 claim, Plaintiff alleges on May 20, 2015, he was arrested by Defendants Millard and Devon for a no-contact order violation. Dkt. 8 at 3. Plaintiff alleges he requested an ambulance because he was having chest pains, but Defendants Millard and Devon told him if he decided to go to the hospital, he would be charged with more crimes. *Id.* Although Plaintiff's Complaint is not clear, it appears Plaintiff again requested an ambulance whereupon Defendants Millard and Devon told him he would be taken to the hospital. *Id.* However, Plaintiff alleges he was placed in Defendant Doe's police car and driven to the Clark County Jail, instead of the hospital. *Id.*

Plaintiff seeks $10 million in monetary damages. Dkt. 8 at 5. Plaintiff also seeks to have his criminal record expunged, restraining orders placed on all Defendants, and for each of his children's college funds to be paid in the amount of $50,000. *Id.*

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

**A. Statute of Limitations – 2010 Arrest**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. As such, the statute of limitations from the state cause of action most like a civil rights act is used. In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir.1981). The Washington statute for personal injury reads as follows:

> The following actions shall be commenced within three years: ... (2) An action for taking, detaining, or injury personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

RCW 4.16.080(2) (emphasis added).

Federal law determines when a civil rights claim accrues. *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Tworivers*, 174 F.3d at 992). The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy,* 745 F.2d 1221, 1228–30 (9th Cir.1984).

As to Plaintiff's claims related to his 2010 arrest, Plaintiff had actual notice of the facts of the claims he seeks to raise herein when the arrest occurred, on September 26, 2010. Accordingly, Plaintiff's claims accrued on that date because he knew or had reason to know of the injury that is the basis of this action. *See Kimes*, 84 F.3d at 1128. Because Plaintiff's action accrued on September 26, 2010, he was required to file this § 1983 cause of action by September 26, 2013 or be barred by the statute of limitations. Plaintiff must show cause why his 2010 claim is not barred by the statute of limitations.

**B. Clark County Jail, Clark County Sheriff's Department, Washington State and Department of Corrections, Vancouver Police Department as Defendants**

1    Plaintiff has named the Clark County Jail, Clark County Sheriff's Department,
2 Washington State, Department of Corrections and Vancouver Police Department as Defendants.
3 *See* Dkt. 8.
4    42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law.
5 However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official*
6 *English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71
7 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See*
8 *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per
9 curiam) (concluding that the suit against the state Board of Corrections was barred by the
10 Eleventh Amendment).
11    Municipalities, however, are subject to suit under § 1983. *Monell v. New York City Dept.*
12 *of Social Services*, 436 U.S. 658, 690 (1978). However, "[i]n order to bring an appropriate
13 action challenging the actions, policies or customs of a local governmental unit, a plaintiff must
14 name the county or city itself as a party to the action, and not the particular municipal department
15 or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App.
16 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207
17 (W.D. Wash. 2008) (holding that the Seattle Police Department is not a legal entity capable of
18 being sued under § 1983).
19    A municipality may only be liable if its policies are the "'moving force [behind] the
20 constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (*quoting v. New*
21 *York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). In order to state a claim against a
22 county or other municipal entity a plaintiff must show that defendant's employees or agents
23 acted through an official custom, or policy that permits deliberate indifference to, or violates,
24

1  plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell,* 436 U.S. at
2  690-91; *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To establish
3  municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right;
4  (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to
5  plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional
6  violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

7      A municipality will not be liable for acts of negligence by employees of the jail or for an
8  unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d
9  1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the
10 occurrence of a single incident of unconstitutional action by a non-policy-making employee is
11 not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of*
12 *Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

13     Because Plaintiff may not pursue actions against states, state agencies or municipal
14 departments, Plaintiff fails to state a cause of action against Defendants DOC, Washington State,
15 Clark County Jail, Clark County Sheriff's Department and Vancouver Police Department. If
16 Plaintiff wishes to pursue claims against a local government unit such as a city or a county,
17 Plaintiff must name the city or county as a defendant and allege facts demonstrating how a
18 specific policy or custom caused the alleged constitutional deprivation.

19  **C. Fourteenth Amendment Violation – 2015 Arrest**

20     In addition to Plaintiff's claims related to his 2010 arrest, Plaintiff also alleges in May
21 2015, he was arrested by defendants Millard, Devon and Doe. Dkt. 8 at 3. Plaintiff alleges he had
22 chest pains and defendants Millard, Devon and Doe refused Plaintiff's request for an ambulance.
23 *Id.*

24

ORDER TO SHOW CAUSE OR AMEND - 6

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees by prohibiting the State from punishing them. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The Ninth Circuit protects a pretrial detainee's claims using the same analysis it would use with a prisoner's claim brought pursuant to the Eighth Amendment.

> We have long analyzed claims that correction facility officials violated pretrial detainees' constitutional rights by failing to address their medical needs (including suicide prevention) under a "deliberate indifference" standard. *See, e.g., Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (applying the "deliberate indifference" standard to a diabetic pretrial detainee's claims of failure to provide care for serious medical needs).

*Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010)(emphasis added).

To establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (*quoting Estelle*, 429 U.S. at 104); *see also Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Courts should consider whether a reasonable doctor would think that the condition is worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc); *Doty v. County of Lassen,* 37 F.3d 540, 546 n.3 (citing *McGuckin*, 974 F.2d at 1059-60).

Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain." *Id*. Indifference proscribed may be manifested by a response to the prisoner's need, by the intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* To succeed on a deliberate

1  indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable
2  state of mind. *Farmer v. Brennan,* 511 U.S. 825, 836 (1994).
3        Here, Plaintiff has arguably stated a claim of deliberate indifference against defendants
4  Millard, Devon and Doe. However, the Court grants Plaintiff leave to amend his Complaint to
5  plead more facts to support his denial of medical care claim. In his amended complaint, Plaintiff
6  should set forth facts (1) describing his condition and serious medical needs; (2) specifying the
7  person(s) who were intentionally indifferent to those medical needs; (3) describing exactly what
8  each person(s) did or failed to do; (4) identifying when the indifference occurred; (5) describing
9  how the action or inaction of that person(s) violated his rights; and (6) describing what specific
10 injury Plaintiff suffered because of each person(s) conduct. *See Rizzo v. Goode*, 423 U.S. 362,
11 371–72 (1976). Conclusory allegations that a defendant or a group of defendants have violated a
12 constitutional right are not acceptable.

13     **D. Plaintiff's Motion to Amend Complaint (Dkt. 9)**

14       Plaintiff has also filed a Motion to Amend Complaint. Dkt. 9. Plaintiff seeks to add
15 Defendants Elliot and Settell to his Complaint. *Id.* Plaintiff also seeks to have each Defendants'
16 assets seized pending the outcome of the case. *Id.*
17       Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed his Motion to Amend prior to service and prior to the filing of a responsive pleading. *See* Docket. Therefore, Plaintiff has the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [

ORDER TO SHOW CAUSE OR AMEND - 8

1 ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended
2 complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917,
3 * 2 (N.D. Cal. July 25, 2007) (*quoting Williams v. Board of Regents of University System of*
4 *Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)).

Accordingly, Plaintiff's Motion to Amend is granted. Because the Court also orders Plaintiff to file an amended complaint with respect to the deficiencies noted above, Plaintiff should file *one* amended complaint that addresses the deficiencies noted above and includes the following: (1) any facts or allegations as to why Plaintiff's 2010 claim is not barred by the statute of limitations; (2) additional facts related to his 2015 arrest and deliberate indifference claim; (3) any allegations against Defendants Elliott and Settell; and (4) any requested relief including relief related to Defendants' assets.

### E. Instruction to Plaintiff

Plaintiff shall present *one* amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize

1  service of the amended complaint on any Defendant who is not specifically linked to a violation
2  of Plaintiff's rights.
3      If Plaintiff fails to file a amended complaint or fails to adequately address the issues
4  raised herein on or before January 19, 2016, the undersigned will recommend dismissal of this
5  action as frivolous pursuant to 28 U.S.C. § 1915.
6      The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
7  civil rights complaint and for service. The Clerk is further directed to send copies of this Order
8  and Pro Se Instruction Sheet to Plaintiff.
9      Dated this 16th day of December, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge