UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD S. BURGESS<br><br>Plaintiff,<br><br>v.<br><br>VANCOUVER POLICE DEPARTMENT et al.,<br><br>Defendants. | CASE NO. 3:15-CV-05844-BHS-DWC<br><br>ORDER ON SECOND MOTION TO AMEND |

Plaintiff Richard S. Burgess, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Plaintiff's Second Motion to Amend. Dkt. 11. The Court grants Plaintiff's Second Motion to Amend (Dkt. 11) as a matter of course. Plaintiff shall file one amended complaint on or before January 30, 2016.

**A. Background**

On November 20, 2015, Plaintiff initiated this lawsuit by filing a Motion to Proceed *In Forma Pauperis* ("IFP") and the Complaint. *See* Dkts. 1, 4, 8. The Court granted the Motion to Proceed IFP on December 10, 2015. Dkt. 7. After review of the Complaint, the Court ordered

ORDER ON SECOND MOTION TO AMEND - 1

Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim or file an amended complaint. Dkt. 10. The Court also granted Plaintiff's First Motion to Amend (Dkt. 9). *Id.* Plaintiff has now filed a Second Motion to Amend on December 21, 2015. Dkt. 11.

**B. Motion to Amend**

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed his Second Motion to Amend prior to service and prior to the filing of a responsive pleading. *See* Docket. Therefore, Plaintiff has the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (*quoting Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)). Accordingly, Plaintiff's Second Motion to Amend (Dkt. 11) is granted.

**C. Instruction to Plaintiff**

Plaintiff shall present *one* amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement.  An amended complaint supersedes the original

1  complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised in the Court's order to show cause (Dkt. 10) on or before January 30, 2016, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 30th day of December, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge