UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD S BURGESS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VANCOUVER POLICE DEPARTMENT et al.,<br><br>　　　　　Defendants. | CASE NO. 3:15-CV-05844-BHS-DWC<br><br>ORDER |

    Before the Court are several motions filed by Plaintiff: (1) Application for Court Appointed Counsel ("Motion for Appointment of Counsel," Dkt. 29); (2) First Motion to Order Department of Corrections ("DOC") to Surrender Plaintiff's Legal Papers ("First Motion") (Dkt. 30); (3) Motion for Subpoena of all Vancouver Police Department's files ("Motion for Subpoena," Dkt. 31); (4) Motion to Suspend Defendants' Pay Checks and all Property (Dkt. 32); (5) Proposed Motion Pending Resolution of Outcome of Suit, Motion to Garnish or Suspend Pay Checks and any Property of Defendants (Dkt. 33) and (6) Second Motion to Order DOC to Surrender Plaintiff's Legal Papers ("Second Motion") (Dkt. 34) (all six motions filed by Plaintiff

are collectively referred to as "Plaintiff's Motions"). Plaintiff also filed a request for Writ of Garnishment. Dkt. 46.[1] Defendants filed a Response to Plaintiff's Motions (Dkts. 29-34) and a Declaration of defense counsel Daniel G. Lloyd. Dkts. 35, 36.

After a review of the Plaintiff's Motions and relevant record, Plaintiff's Motions are denied. The Court also denies Plaintiff's request for a Writ of Garnishment. Dkt. 46.

**A.  Motion for Appointment of Counsel (Dkt. 29)**

Plaintiff seeks an appointment of counsel. Dkt. 29. He states he made efforts to retain an attorney, however, it appears he was unsuccessful. *Id.* Defendants oppose Plaintiff's Motion. Dkt. 35.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp

---

[1] The Court also notes Defendants' Motion for Summary Judgment ("Defendants' Motion," Dkt. 37) is currently pending with a noting date of June 3, 2016. The Court will address Defendants' Motion in a separately filed report and recommendation after the noting date has passed.

of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff's Motion contains no reasons supporting his need for court appointed counsel. Dkt. 29. The Court notes this case does not involve complex facts or law, and Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. 29) is denied without prejudice.

**B. First and Second Motions to Order DOC to Surrender Plaintiff's Legal Papers (Dkts. 30, 34)**

In his First Motion, Plaintiff seeks a Court order directing non-party DOC to stop "blocking" his access to the courts. Dkt. 30 at 2. Plaintiff states non-party DOC will not allow him to have his court papers and he can only view his papers once a week. *Id.* Plaintiff requests his legal paperwork be provided to him in his cell and to be transported with him so he can meet case deadlines. *Id.* Plaintiff's Second Motion reiterates the claims in his First Motion and alleges non-party John Thompson, the law librarian, refused plaintiff his papers for this lawsuit and Case No. 15-5895-RJB-JRC. Dkt. 34 at 2. Defendants oppose Plaintiffs First and Second Motions and contend Plaintiff is improperly seeking relief against defendants who are not parties to his underlying lawsuit. Dkt. 35 at 2-3.

In this lawsuit, Plaintiff's alleges defendants Vancouver Police Department, Devlin, Mallard, and Osorio denied him adequate medical care in May 2015. *See* Dkt. 13. However, Plaintiff's First Motion and Second Motion discuss a different incident in April 2016 involving non-parties DOC and Thompson and the denial of his access to the courts. Dkt. 30, 34. The Court does not have jurisdiction to decide Plaintiff's First Motion and Second Motion, as they allege different claims than the claims in his Complaint and involve individuals who are not

Defendants in the present lawsuit. *See Patten v. Stone*, 623 F. App'x 893, 894 (9th Cir. 2015) (the district court did not abuse its discretion when it denied the plaintiff's request for increased access to the law library at a state prison because the state prison staff members were not parties to the underlying lawsuit) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110–12 (1969) (setting forth standard of review and discussing circumstances under which a court lacks jurisdiction to adjudicate claims or obligations against non-parties)); *Yeager v. Alvarez*, 2012 WL 3100594, at *4 (D. Nev. May 30, 2012), *report and recommendation adopted,* 2012 WL 3096434 (D. Nev. July 30, 2012). *See also* Fed. R. Civ. P. 18(a); *see also, Aul v. Allstate Life Ins. Co.,* 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); Fed. R. Civ. P. 20(a)(2) (A claim may be brought against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.). Moreover, Plaintiff has failed to demonstrate he suffered any injury as a result of his alleged lack of access to the courts. *See Silva v. Di Vittorio,* 658 F.3d 1090, 1102–04 (9th Cir. 2011) (requiring factual allegations showing actual injury in order to state a First Amendment access-to-courts claim).

      If Plaintiff seeks to pursue an access to the courts claim against non-parties DOC and Thompson, Plaintiff may file a new case and a separate complaint. Consequently, Plaintiff's First and Second Motions to Order DOC to Surrender Plaintiff's Legal Papers (Dkts. 30, 34) are denied.

      The Court also notes if Plaintiff seeks additional time to respond to any of the Court's deadlines or Defendants' motions, he should file a motion for an extension of time.

### C. Motion for Subpoena (Dkt. 31)

Although Plaintiff's Motion for Subpoena is unclear, he appears to be asking the Court to issue and serve his subpoena to Defendant Vancouver Police Department to produce files. Dkt. 31. It also appears Plaintiff seeks to compel Defendants to produce the documents set forth in his subpoena. *See id.* Defendants oppose Plaintiff's Motion for Subpoena and respond they have provided Plaintiff with all requested documents which are in their possession. *See* Dkt. 35.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Furthermore, a court must limit the frequency or extent of discovery . . . [when] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(1)(C). With respect to subpoenas, Federal Rule of Civil Procedure 45 provides the party responsible for serving the subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(b) and (d).

Plaintiff asks the Court to compel Defendant Vancouver Police Department to surrender all files related to Plaintiff including computer files, investigations reports, 911 reports, and statements of each officer related to "what happened on 5-20-15." Dkt. 31 at 2. The Court also notes Plaintiff's Motion for Subpoena is duplicative of his discovery requests propounded on Defendants. *See* Dkt. 36, Exhibit C (Plaintiff's discovery requests served on Defendants on April 14, 2016).

Since the filing of the Motion for Subpoena, Defendants assert Plaintiff has been provided with the May 20, 2015 police report, pre-booking sheet, declaration of probable cause, no-contact orders, and Plaintiff's medical records. Dkt. 35 at 3-4. In addition, all of these documents, with the exception of Plaintiff's medical records, are attached to the Declaration of Daniel Lloyd filed in support of Defendants' Response. Dkt. 36, Exhibits A, B (Plaintiff's stipulation to authorize disclosure of medical records, and defense counsel's letter to Plaintiff enclosing copies of Plaintiff's medical records). In light of Defendants' response, Plaintiff has been provided with the files he seeks to compel in his Motion for Subpoena. Given Defendants' assertion they do not have possession of 911 reports, the Court cannot compel Defendants to produce documents that do not exist or are not in Defendants' possession or control and thus, no further production of documents appears to be required based on the circumstances presented. *See Brown v. Deputy No. 1*, 2014 WL 869497, at *4 (S.D. Cal. Mar. 5, 2014), *reconsideration denied*, 2014 WL 4961189 (S.D. Cal. Oct. 3, 2014). Moreover, the Court will not issue a subpoena that amounts to an undue burden or expense. *See* Dkt. 35 at 4; Fed. R. Civ. P. 45. Thus, Plaintiff's Motion for Subpoena (Dkt. 31) is denied without prejudice.

**D. Motion to Suspend Defendants' Pay Checks and all Property (Dkt. 32), Proposed Motion Pending Resolution of Outcome of Suit, Motion to Garnish or Suspend Pay Checks and any Property of Defendants (Dkt. 33) and Request for Writ of Garnishment (Dkt. 46)**

Plaintiff filed two motions requesting the Court prevent the City of Vancouver from paying wages to Defendants Osorio, Millard, and Devlin. Dkts. 32, 33. Plaintiff also filed a letter directed to the Clerk's office, requesting a Writ of Garnishment and the instruction forms. Dkt. 46. [2] Plaintiff does not provide any authority for his request. *See* Dkts. 32, 33, 46. Defendants oppose Plaintiff's Motion and argue Plaintiff's Motion is frivolous and no state or federal law grants the Court with authority to garnish the wages of Defendants Osorio, Devlin and Millard. Dkt. 35 at 4-5.

Defendants correctly note Plaintiff's Motion is without merit and legally unsupported. *See* Dkt. 35. Under Washington state law, a claimant may seek to obtain a prejudgment writ of attachment and garnishment to obtain security for satisfaction of any judgment which the claimant may recover. RCW 6.25.070(1); RCW 6.26.060(1). A claimant must establish two elements to success on a motion for issuance of prejudgment writ of attachment or garnishment: (1) there is probable cause to believe the alleged statutory ground for attachment and/or garnishment exists; and (2) the probably validity of the claim. *See id.* Moreover, a claimant must post a bond to protect against a wrongful, oppressive or malicious lawsuit. RCW 6.25.080; RCW 6.26.020. Here, Plaintiff has not complied with applicable law, failed to show his complaint has probable validity, and has not posted a bond. Thus, Plaintiff's Motions to Suspend Defendants'

---

[2] The Court notes Plaintiff's Second Motion (Dkt. 33) is titled "proposed motion" and Plaintiff's request for a Writ of Garnishment is filed as a letter (Dkt. 46). Plaintiff is advised a letter or proposed motion is not a motion properly before the Court. While the Court will consider Plaintiff's pleadings in this Order, in the future, if Plaintiff wishes the Court to take any action, Plaintiff will have to file a motion that is properly noted, compliant with Local Rule 7, and served on all parties who have filed a notice of appearance.

1  Pay Checks and all Property (Dkts. 32, 33) and his Request for a Writ of Garnishment (Dkt. 46)
2  are denied.

### Conclusion

4  For the above state reasons, Plaintiff's: (1) Motion for Appointment of Counsel (Dkt. 29);
5  (2) First Motion to Order DOC to Surrender Plaintiff's Legal Papers (Dkt. 30); (3) Motion for
6  Subpoena (Dkt. 31); (4) Motion to Suspend Defendants' Pay Checks and all Property (Dkt. 32);
7  (5) Proposed Motion Pending Resolution of Outcome of Suit, Motion to Garnish or Suspend Pay
8  Checks and any Property of Defendants (Dkt. 33) and (6) Second Motion to Order DOC to
9  Surrender Plaintiff's Legal Papers (Dkt. 34) are denied. The Court also denies Plaintiff's request
10 for a Writ of Garnishment. Dkt. 46.

11  Dated this 13th day of May, 2016.

David W. Christel
United States Magistrate Judge